1

2

3

4

5

6

7

8             IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CEDRIC GREENE,

11          Plaintiff,                          No. CIV S-05-1032 FCD GGH P

12          vs.

13   INMATE APPEALS BRANCH, et al.,

14          Defendants.                    FINDINGS AND RECOMMENDATIONS

15   _____/

16          Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action

17   filed pursuant to 42 U.S.C. § 1983.  By order filed November 1, 2005, plaintiff's complaint was

18   dismissed with leave to file an amended complaint.  Plaintiff has filed an amended complaint

19   which fails altogether to cure the defects of the original complaint.

20          Plaintiff has been informed previously that the court is required to screen

21   complaints brought by prisoners seeking relief against a governmental entity or officer or

22   employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint

23   or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that

24   fail to state a claim upon which relief may be granted, or that seek monetary relief from a

25   defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

26   \\\\\

1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

3    (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7    Cir. 1989); Franklin, 745 F.2d at 1227.

8    A complaint, or portion thereof, should only be dismissed for failure to state a

9    claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

10   of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King &

11   Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also

12   Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing

13   a complaint under this standard, the court must accept as true the allegations of the complaint in

14   question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

15   pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

16   Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

17   Plaintiff once again names as defendants Jeanne Woodford and N. Grannis,

18   claiming that "both defendants refused to order the officials below them to conduct any type of

19   research into the missing property of plaintiff."  Amended Complaint (AC), p. 2.  Plaintiff,

20   thereafter, goes on to state that a grievance he submitted to a defendant he identifies only as "A"

21   for unidentified missing items to be replaced upon his release from segregation did not result in

22   an order for "someone" to look into the matter.  AC, p. 3.  "Defendant 'B' failed to act on the

23   negative acts of defendant 'A', once the matter was reported."  Id.  Both defendants A and B

24   refused to review or investigate the matter.  It is confusing that plaintiff names defendants

25   Woodford and Grannis at all when proceeds to set forth only extremely vague allegations with

26   respect to unidentified parties.

1    Plaintiff's claims against Woodford and Grannis were previously dismissed

2  because prisoners do not have a "separate constitutional entitlement to a specific prison grievance

3  procedure."  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), citing Mann v. Adams, 855

4  F.2d 639, 640 (9th Cir. 1988).  Even the non-existence of, or the failure of prison officials to

5  properly implement, an administrative appeals process within the prison system does not raise

6  constitutional concerns.  Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  See also, Buckley

7  v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); Flick v. Alba, 932 F.2d 728 (8th Cir. 1991).  Azeez

8  v. DeRobertis, 568 F. Supp. 8, 10 (N.D.Ill. 1982) ("[A prison] grievance procedure is a

9  procedural right only, it does not confer any substantive right upon the inmates.  Hence, it does

10  not give rise to a protected liberty interest requiring the procedural protections envisioned by the

11  fourteenth amendment").  Specifically, a failure to process a grievance does not state a

12  constitutional violation.  Buckley, supra.  State regulations give rise to a liberty interest protected

13  by the Due Process Clause of the federal constitution only if those regulations pertain to

14  "freedom from restraint" that "imposes atypical and significant hardship on the inmate in relation

15  to the ordinary incidents of prison life."  Sandin v. Conner, 515 U.S. at 484, 115 S. Ct. at 2300.[1]

16  See Order, pp. 3-4, filed on November 1, 2005.  To the extent that plaintiff seeks to implicate

17  these individuals again for failures with respect to redressing any inmate grievances, plaintiff's

18  claims against defendants Woodford and Grannis fail once again.

19    Plaintiff was also told that the United States Supreme Court has held that "an

20  unauthorized intentional deprivation of property by a state employee does not constitute a

22  [1] "[W]e recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. See also Board of Pardons v. Allen, 482 U.S. 369, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987). But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, see, e.g., Vitek, 445 U.S., at 493, 100 S.Ct., at 1263-1264 (transfer to mental hospital), and Washington, 494 U.S., at 221-222, 110 S.Ct., at 1036-1037 (involuntary administration of psychotropic drugs), nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, supra.

3

1   violation of the procedural requirements of the Due Process Clause of the Fourteenth

2   Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v.

3   Palmer, 468 U.S. 517, 533 (1984).  Thus, where the state provides a meaningful postdeprivation

4   remedy, only authorized, intentional deprivations constitute actionable violations of the Due

5   Process Clause.  An authorized deprivation is one carried out pursuant to established state

6   procedures, regulations, or statutes.  Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985);

7   see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).  The California

8   Legislature has provided a remedy for tort claims against public officials in the California

9   Government Code, §§ 900, et seq.  See Order, pp. 4-5, filed on 11/01/05

10          Plaintiff's vagueness and circumlocution in the amended complaint is such that,

11  even had he stated any colorable claims, which he has not, his complaint contains insufficient

12  allegations to put defendants fairly on notice.  See Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct.

13  99, 102, 2 L. Ed. 2d 80 (1957); Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir.

14  1995) (amended complaint with vague and scanty allegations fails to satisfy the notice

15  requirement of  Rule 8 of the Federal Rules of Civil Procedure); 5 C. Wright & A. Miller,

16  Federal Practice and Procedure § 1202 (2d ed. 1990).  In fact, plaintiff does not within the

17  allegations identify the defendants, the property at issue, or the circumstances under which any

18  property went missing.

19          Having allowed plaintiff the opportunity to amend his complaint, as noted,

20  plaintiff has wholly failed to cure the prior defects and has added more.  The court cannot discern

21  how providing plaintiff a further opportunity could result in the framing of cognizable claims.

22  "A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear

23  that the deficiencies of the complaint could not be cured by amendment.'" Noll, 809 F.2d 1446,

24  1448 (quoting Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.1980) (per curiam));

25  accord Eldridge v. Block, 832 F.2d 1132, 1135-36 (9th Cir.1987).  Karim-Panahi v. Los Angeles

26  Police Dept., 839 F.2d 621, 623 (9th Cir. 1988).

1    "Under Ninth Circuit case law, district courts are only required to grant leave to

2    amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a

3    complaint lacks merit entirely."  Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).  See also,

4    Smith v. Pacific Properties and Development Corp., 358 F.3d 1097, 1106 (9th Cir. 2004), citing

5    Doe v. United States, 58 F.3d 494, 497(9th Cir.1995) ("a district court should grant leave to

6    amend even if no request to amend the pleading was made, unless it determines that the pleading

7    could not be cured by the allegation of other facts.")

8    The court must recommend dismissal of this action for plaintiff's failure to state a

9    claim upon which relief may be granted.

10   Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for

11   plaintiff's failure to state a claim.

12   These findings and recommendations are submitted to the United States District

13   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

14   days after being served with these findings and recommendations, any party may file written

15   objections with the court and serve a copy on all parties.  Such a document should be captioned

16   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

17   shall be served and filed within ten days after service of the objections.  The parties are advised

18   that failure to file objections within the specified time may waive the right to appeal the District

19   Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

20   DATED:      3/22/06

                                                        /s/ Gregory G. Hollows
21
                                                        _____
22                                                      GREGORY G. HOLLOWS
                                                        UNITED STATES MAGISTRATE JUDGE

23   GGH:009
     gree1032.fr
24

25

26